Filed 12/3/25  Wesley v. Northwood Place Apartments CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MAURICE WESLEY,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>NORTHWOOD PLACE<br>APARTMENTS, LLC et al.,<br><br>    Defendants and Respondents. | G064112<br><br>(Super. Ct. No. 30-2022-01267568)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard Oberholzer, Judge. (Retired Judge of the Kern Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Law Office of Gene J. Goldsman, Gene J. Goldsman and Ernest J. Lingenfelter for Appellant.

Everett Dorey, Seymour B. Everett III, Samantha E. Dorey, Diana T. Chao and James Truxaw for Respondents.

Maurice Wesley appeals from an order dismissing his second lawsuit against the same defendants. (Code Civ. Proc., § 128.7.)[1] He contends the court wrongly relied on a confidential settlement agreement in finding the second case frivolous. We find no error and affirm.

FACTS

In the prior lawsuit, Wesley sued defendants Northwood Place Apartments, LLC and Irvine Apartment Communities, L.P., alleging he fell in a stairwell. During discovery, Wesley claimed he "suffered a reaggravation" of injuries by falling again in the same stairwell in August 2020.[2]

In January 2022, the parties settled and signed a "Settlement Agreement and Release." It states Wesley would dismiss the lawsuit with prejudice in exchange for payment. The terms would remain confidential except for specified circumstances, including a motion to "enforce . . . pursuant to . . . section 664.6."

The agreement specifies its finality and broad scope. The parties stated their intentions to "settle, finally and completely, all of their disputes." Wesley agreed to "release[] and absolutely discharge[] Defendants . . . from any and all claims . . . of every kind and nature . . . which [he] had or now has . . . against Defendants . . . , including, but not limited to, any and all claims or causes of action that were or could have been asserted that . . . are in any

[1] All further undesignated statutory references are to this code.

[2] At oral argument, Wesley's counsel described Wesley falling at a "distinct location." Wesley pleaded he fell while "ascending a stairway" in February 2020 and "using a stairway" in August 2020; then testified at his deposition the "second injury" was the "second incident that occurred with those stairs."

way related to the Complaint [or] any injuries sustained at the Subject Property . . . ." The agreement then reiterates Wesley's agreement to "release and discharge Defendants . . . from all claims which arise from or relate to [the 2020 lawsuit] and any injuries sustained at the Subject Property." The agreement provides the release "may be enforced" by a motion to enforce settlement. (§ 664.6.)

Five months after the settlement agreement, Wesley filed this lawsuit against defendants over the alleged August 2020 fall.

Defendants filed a sanctions motion. Wesley opposed, contending defendants breached the "confidential settlement agreement" by not filing it under seal.

The court (Judge John C. Gastelum) granted the motion, finding this lawsuit was "legally frivolous" and filed in "violation of section 128.7(b)." The court rejected Wesley's confidentiality argument by noting the parties expressly exempted section 664.6 motions from their promises on confidentiality. The court explained: "Because the nature of the relief Defendants are requesting is essentially an enforcement of the Release against Plaintiff, the Court will construe the instant Motion as one to enforce the Release as well as one for sanctions."

Wesley successfully moved for reconsideration based on the court's reference to section 664.6, but the court (Judge Richard Oberholzer) ultimately reaffirmed its ruling, imposed monetary sanctions, and dismissed the case.[3] The court explicitly stated it did not "construe the Motion for Sanctions as a motion pursuant to . . . section 664.6."

---

[3] Wesley raises no issue regarding sanctions being imposed jointly.

3

DISCUSSION

Section 128.7 requires those who present pleadings certify that their "claims . . . and other legal contentions" are warranted by existing law or nonfrivolous argument for its extension or modification. (*Id*., subd. (b)(2).) Those who violate this certification are subject to sanctions. (§ 128.7, subds. (c) & (d).) The party requesting sanctions "'must show the [other] party's conduct in asserting the claim was objectively unreasonable. [Citation.] A claim is objectively unreasonable if "any reasonable attorney would agree that [it] is totally and completely without merit."'" (*Kumar v. Ramsey* (2021) 71 Cal.App.5th 1110, 1120 (*Kumar*).) We review de novo whether sanctions are properly based on undisputed facts. (*Ponce v. Wells Fargo Bank* (2018) 21 Cal.App.5th 253, 261.)

We conclude this lawsuit was objectively unreasonable because it is barred by the settlement agreement. (See *Winet v. Price* (1992) 4 Cal.App.4th 1159, 1173 [enforcing "a release that is about as complete, explicit and unambiguous as a general release can be"].) In it, Wesley explicitly released defendants from "any and all claims . . . of every kind and nature . . . which [he] had or now has  . . . , including, but not limited to, any and all claims or causes of action that were or could have been asserted that arise out of or are in any way related to the Complaint [or] any injuries sustained at the Subject Property . . . ." This lawsuit over the alleged August 2020 fall is a "claim[] . . . which Plaintiff had or now has" when he signed the settlement agreement in January 2022. It is "related to the Complaint"— Wesley disclosed it in discovery and claimed it reaggravated his injuries. And it relates to "injuries sustained at the Subject Property." We see no "nonfrivolous argument for the extension, modification, or reversal of existing

4

law or the establishment of new law." (§ 128.7, subd. (b)(2).)[4] Nor does Wesley propose any.

We reject Wesley's arguments that the settlement agreement should not have been considered. It was relevant evidence (Evid. Code, § 210) for determining whether this lawsuit presented an objectively unreasonable, unwarranted claim (see *Kumar, supra,* 71 Cal.App.5th at p. 1120; see also § 128.7, subd. (b)(2)).

The settlement agreement falls within an exception to the mediation privilege. (Evid. Code, § 1123.) It was "signed by the settling parties" and contains language "provid[ing] that it is enforceable or binding or [using] words to that effect." (*Id.*, subd. (b).) It provided for enforcement mechanisms like section 664.6 motions. It bound the parties to "settle, finally and completely, all of their disputes," with Wesley "releas[ing] and absolutely discharg[ing]" defendants.

The agreement's confidentiality clause also did not bar its admissibility. Because Wesley breached the agreement first by filing this lawsuit, any purported breach of confidentiality would be excused. (*In re Marriage of Burkle* (2006) 139 Cal.App.4th 712, 751 [contract repudiation excuses performance of "'concurrently conditional obligations'"].) Moreover, Wesley could have moved to seal the motion too; it hardly seems fair to remedy a potential breach of confidentiality precipitated by forbidden litigation by allowing that litigation to persist. (Civ. Code, § 3517 ["No one can take advantage of their own wrong"].)

---

[4] We do not reach defendants' argument raised for the first time on appeal that claim preclusion bars the 2022 lawsuit as a ""matter[] which . . . could have been raised'" . . . in the prior action." (*Wassmann v. South Orange County Community College Dist.* (2018) 24 Cal.App.5th 825, 844.)

5

Finally, we reject Wesley's position that the order should be reversed because it wrongly treated the motion as one based on section 664.6. Even the court's initial ruling expressly found this lawsuit presented a "legally frivolous" claim, as defined by section 128.7. And section 664.6 played no role in the court's ultimate ruling, which disclaimed reliance on the statute altogether.

## DISPOSITION

The order is affirmed. Defendants shall recover their costs on appeal.


SCOTT, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.